**NOT FOR PUBLICATION**

```
             UNITED STATES DISTRICT COURT
                DISTRICT OF NEW JERSEY
```

NANCY LYNN BOWEN,              :
                                      Civil Action No. 10-2188 (NLH)
           Petitioner,         :

     v.                        :   **OPINION**

UNITED STATES OF AMERICA,      :

           Respondent.         :


**APPEARANCES:**

Petitioner pro se                Counsel for Respondent
Nancy Lynn Bowen                 Elizabeth A. Pascal
P.O. Box 4004                    Asst. U.S. Attorney
Clinton, NJ  08809               Camden Federal Building
                                    and U.S. Courthouse
                                 401 Market Street
                                 P.O. Box 2098
                                 Camden, NJ 08101


**HILLMAN**, District Judge

     Petitioner Nancy Lynn Bowen, a prisoner currently confined at the Bo Robinson Assessment and Treatment Center in Trenton, New Jersey, has submitted a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241,[1] challenging the calculation of her sentence.

Based on developments during the pendency of this matter, the Petition will be dismissed as moot.

## I. BACKGROUND

Petitioner was sentenced on September 16, 2005, in the Pennsylvania Court of Common Pleas, Lehigh County, to a term of imprisonment of two-to-six months.  On December 7, 2005, Petitioner was sentenced in the Pennsylvania Court of Common Pleas, Lehigh County, to a term of imprisonment of twelve-to-sixteen months.

While she was confined on the Pennsylvania state sentences, Petitioner was sentenced in the U.S. District Court for the Western District of Pennsylvania to a 51-month term of imprisonment in Criminal Action No. 06-0210 and to a 51-month term of imprisonment in Criminal Action No. 04-0318.  These terms of imprisonment were imposed concurrently to one another and

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

2

consecutive to the state terms of imprisonment Petitioner was then serving in Pennsylvania.

Petitioner's Pennsylvania sentence was completed on December 7, 2008, whereupon she was delivered to Delaware state authorities pursuant to a writ to answer charges pending there. Petitioner was sentenced in the New Castle County Superior Court, Delaware, to a term of probation for forgery.

On January 15, 2009, Petitioner was released to New Jersey state authorities on outstanding warrants.  On June 26, 2009, Petitioner was sentenced in the New Jersey Superior Court, Atlantic County, to serve a collective three-to-seven year term of imprisonment, concurrently with her federal sentence. Petitioner remains confined pursuant to the New Jersey sentence.

Petitioner then filed, in the U.S. District Court for the Western District of Pennsylvania, motions under 28 U.S.C. § 2255 to amend or correct her federal sentences, which the Court there construed as petitions for writ of habeas corpus under 28 U.S.C. § 2241 challenging the execution of her sentences.  In essence, Petitioner asserted that the Federal Bureau of Prisons should have calculated her federal sentences as starting to run on December 7, 2008, because she alleges that she should have been released to her federal detainer on that date, when she completed her Pennsylvania sentences.

3

While justifying their calculation that Petitioner's federal sentence had not yet begun to run, because she was not yet in federal custody, Respondents nevertheless advised this Court that they were treating Petitioner's challenge to the calculation of her sentence as a request for a nunc pro tunc designation of a state facility as a place of serving a federal sentence.  See Barden v. Keohane, 921 F.2d 476, 484 (3d Cir. 1990).  In response to this Court's Order to supplement their response with the results of that analysis, Respondents advise that the Federal Bureau of Prisons has determined that such a nunc pro tunc designation is appropriate.  The designation, and thus the commencement of the federal sentence, was made effective as of December 7, 2008, the date Petitioner completed her Pennsylvania sentences.  Petitioner's currently projected release date from her federal sentence is July 14, 2012, assuming she earns all eligible good conduct time.  Thus, this Court must consider whether Petitioner has received all requested relief and whether the Petition has become moot.

## II. ANALYSIS

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, United States v. Wilson, 503 U.S. 329 (1992) and 18 U.S.C. § 3585, and the Attorney General has delegated that authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96 (1992).

4

Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination of, first, the date on which the federal sentence commences and, second, the extent to which credit is awardable for time spent in custody prior to commencement of the sentence.

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(a), (b). As Petitioner had not yet been received into federal custody, the Bureau of Prisons properly advised Petitioner that her sentence had not yet begun to run.

The BOP, however, in the exercise of its discretion, has authority to designate as a place of federal confinement, nunc pro tunc, the facilities in which a federal prisoner such as Petitioner served an earlier state sentence. See Barden, 921 F.2d at 480-83 (a defendant is entitled to "fair treatment" on

5

his application for a nunc pro tunc designation); 18 U.S.C. § 3621(b).[2]  The decision of the BOP is subject to judicial review only for abuse of discretion.  Barden, 921 F.2d at 478.

Pursuant to BOP Program Statement 5160.05, "State institutions will be designated for concurrent service of a federal sentence when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system."  P.S. 5160.05 ¶ 3(a) (2003).  The BOP's authority to designate a state institution for concurrent service of a federal sentence is delegated to Regional Directors.  The Program Statement specifically addresses requests by prisoners for a nunc pro tunc designation.

> (4) **Inmate Request**.  Occasionally, an inmate may request a nun pro tunc (i.e., occurring now as though it had occurred in the past) designation.  As a result of the decision in Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990), the Bureau considers an inmate's request for pre-sentence credit toward a federal sentence for time spent in service of a state sentence as a request for a nunc pro tunc designation.
>     (a) In Barden, the court held that the Bureau must consider an inmate's request for concurrent service of the state and federal sentences.
>         • However, there is no obligation under Barden for the Bureau to grant the request by designating a state

---

[2] Section 3621(b) provides that, "The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable ... ."

>             institution retroactively as the place
>             to serve the federal sentence.
>       (b) This type of request will be considered
> regardless of whether the inmate is physically
> located in either a federal or state institution.
> Information will be gathered, if available, to
> include:
>       • a copy of the federal and state
>         J&Cs
>       • the State sentence data record to
>         include jail credit, and
>       • any other pertinent information
>         relating to the federal and state
>         sentences.
>       (c) In making the determination, if a
> designation for concurrent service may be
> appropriate (e.g., the federal sentence is imposed
> first and there is no order or recommendation
> regarding the service of the sentence in
> relationship to the yet to be imposed state term),
> the RISA will send a letter to the sentencing
> court (either the chambers of the Judge, U.S.
> Attorney's Office, and/or U.S. Probation Office,
> as appropriate) inquiring whether the court has
> any objections.  Regardless of where the original
> inquiry is directed, the U.S. Attorney's Office
> and U.S. Probation Office will receive a courtesy
> copy.
>       (d) If, after 60 days, a response is not
> received from the sentencing court, the RISA will
> address the issue with the Regional Counsel and a
> decision will be made regarding concurrency.
>       (e) No letter need be written if it is
> determinated that a concurrent designation is not
> appropriate. ...

P.S. 5160.05, ¶ 9(b).

Here, Petitioner's challenge to the calculation of her sentence was treated as a request for such a nunc pro tunc designation.  The BOP has changed Petitioner's sentence commencement date to December 7, 2008, as she requested.

As Petitioner has obtained all the relief she requested, the Petition will be dismissed as moot.

### III. CONCLUSION

For the reasons set forth above, the Petition will be dismissed as moot.  An appropriate order follows.


At Camden, New Jersey                   /s/ Noel L. Hillman
                                       Noel L. Hillman
                                       United States District Judge

Dated: September 1, 2011